UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Wayne BONILLA,<br><br>                              Plaintiff,<br><br>v.<br><br>IMPERIAL COUNTY SUPERIOR COURT JUDGES AND CLERKS, et al.,<br><br>                              Defendants. | Case No.  23-cv-1276-AGS-BGS<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING THE COMPLAIT IN ITS ENTIRETY** |

Steven Wayne Bonilla, an inmate suing defendants for civil-rights violations under 42 U.S.C. § 1983, moves to proceed in forma pauperis. For the reasons below, that motion is denied and the complaint is dismissed without prejudice.

## DISCUSSION

Typically, parties instituting a civil action in a United States district court must pay filing fees of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners like Bonilla, however, "face an additional hurdle." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the congressional goal of reducing frivolous prisoner litigation in federal court," prisoners cannot proceed IFP once they "have, while incarcerated, on 3 or more prior occasions had claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g)

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

("In no event shall a prisoner bring a civil action under this [IFP] section . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

When courts review a dismissal to determine whether it counts as one of these three strikes, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

Bonilla, while incarcerated, has had dozens of prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, rendering him ineligible to proceed IFP. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Indeed, in dismissing five civil actions for failing to state a claim, a previous court already informed Bonilla that under "28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action." *In re Bonilla*, Nos. C 11–6306 CW (PR), C 11–6307 CW (PR), C 12–0026 CW (PR), C

12–0027 CW (PR), C 12–0206 CW (PR), 2012 WL 216401, at *3, n.1 (N.D. Cal. Jan. 24, 2012); *see id*. at *1 (noting Bonilla's litigation history, including 34 pro se civil rights actions in the Northern District of California alone, which were dismissed "because the allegations in the complaints [did] not state a claim for relief under § 1983").

Nor does Bonilla meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Bonilla alleges he has been subjected to malicious prosecution for which he seeks to hold liable the clerks and judges of the Imperial County Superior Court. (ECF 1, at 1–2.) Nothing in his complaint satisfies the imminent-danger exception.

## CONCLUSION

Thus, Bonilla's motion to proceed in forma pauperis (ECF 2) is **DENIED** as barred by 28 U.S.C. § 1915(g). The action is **DISMISSED WITHOUT PREJUDICE** for failure to pay the statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a). The Clerk of Court is directed to close this case. The Court also "certifies in writing" that an in forma pauperis appeal of this Order would be frivolous and "not taken in good faith." 28 U.S.C. § 1915(a)(3).

Dated: July 13, 2023

Andrew G. Schopler
United States District Judge